■ In the Matter of the Arbitration between RED HOOK CENTRAL SCHOOL DISTRICT, Respondent, and RED HOOK FACULTY ASSOCIATION et al., Appellants. AMERICAN ARBITRATION ASSOCIATION, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Dutchess County, dated May 2, 1979, which granted the application. Judgment reversed, on the law, without costs or disbursements, proceeding dismissed, and the parties are directed to proceed to arbitration. Petitioner Red Hook Central School District and appellant Red Hook Faculty Association (association) were parties to a collective bargaining agreement in effect from July 1, 1976 to June 30, 1979, wherein the association was declared to be the "exclusive representative of all professional personnel of the Board", with certain exceptions unrelated to this controversy. The agreement defined a grievance as "an alleged misapplication or misinterpretation of any one or more of the terms and provisions of this agreement". On May 22, 1978 the Board of Education of the petitioner Red Hook Central School District eliminated three positions of school nurse/teachers, and on August 15, 1978 the board created the position of school nurse at a substantially lower salary. The association filed a grievance, asserting that the three newly-created school nurse positions were subject to the terms of the contract. The grievance was denied and arbitration was sought. The board thereupon petitioned for a stay. Without analyzing the grievance on its merits, which, under CPLR 7501, we may not do, we find that it has met the two-level test prescribed for such controversies in *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509). As to the first level, the board does not contend that the Taylor Law (Civil Service Law, art 14) bars arbitration of this dispute. The agreement specifically provided that the bargaining unit included all professional personnel save for some exceptions not pertinent hereto. As to the second level of the test, whether the parties have agreed to arbitrate the kind of dispute represented by this grievance, it seems clear that by defining a grievance in the broad language heretofore set forth, the parties have agreed to submit to arbitration a dispute as to the

reach of the recognition clause, insofar as alleged professional employees are involved. Here, the dispute concerns individuals who claim to be part of the unit and the agreement professes to represent "all professional personnel"; the County Commissioner of Personnel classified the new noncompetitive position as "Registered Professional Nurse (School)". Under such circumstances we find the dispute to be arbitrable by its very nature (see *Matter of Board of Educ. v Roosevelt Teachers Assn.,* 47 NY2d 748). Titone, J. P., O'Connor, Gulotta and Margett, JJ., concur.